UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDDIE WATSON,

        Plaintiff,                                 Civil Action No. 12-10040

        v.                                      District Judge Nancy G. Edmunds
                                              Magistrate Judge Laurie J. Michelson

UNITED BANK AND TRUST, *et al.*,

        Defendants.
_____/

**REPORT AND RECOMMENDATION TO
GRANT DEFENDANTS' MOTION FOR ORDER OF DISMISSAL [5] AND TO DISMISS
AS MOOT DEFENDANTS' EX-PARTE MOTION FOR ISSUANCE OF ORDER TO
SHOW CAUSE [6] AND PLAINTIFF'S PETITION TO REVERSE TRANSFER
<u>CASE FROM CIVIL DOCKET BACK TO MISCELLANEOUS DOCKET [7]</u>**

Plaintiff Eddie Watson, proceeding *pro se*, brought this case against Defendants United Bank & Trust, Trott & Trott, P.C., and Does 1-100. (Dkt. 1.) The legal claims alleged in Plaintiff's Complaint are difficult to decipher but Plaintiff appears to seek damages for Defendants' action (or inaction) during a mortgage foreclosure resulting in the sale of his home. Before the Court for a Report and Recommendation is United Bank & Trust and Trott & Trott, P.C.'s Motion for Order of Dismissal/Summary Judgment. (Dkt. 5, Defs.' Mot. for Order of Dismissal; Dkt. 8, Order Referring All Pretrial Matters.) Defendants contend that this Court lacks subject-matter jurisdiction over Plaintiff's Complaint, or, in the first alternative, that Plaintiff has failed to state a claim upon which relief may be granted, or, in the second alternative, that summary judgment is warranted. The Court has carefully considered Defendants' Motion for Order of Dismissal and Plaintiff's response (Dkt.

15)[1] and will dispense with oral argument. *See* E.D. Mich. LR 7.1(f)(2).

For the following reasons, this Court RECOMMENDS that Defendants' Motion for Order of Dismissal be GRANTED and that Plaintiff's Complaint be DISMISSED WITHOUT PREJUDICE.[2]

## I. BACKGROUND

### A. The Allegations in Plaintiff's Complaint

In terms of subject-matter jurisdiction, Plaintiff asserts that "this Court is an Admiralty Court" and that this action is filed pursuant to 28 U.S.C. §§ 1333[3] or 1337.[4] (Compl. at 2, ¶¶ 2, 4.) Plaintiff explains that he and all parties "fit the legal definition of a U.S. Vessel," the "cargo" is this lawsuit (or the associated docket), and the Clerk of Court is a "PUBLIC VESSEL and CARRIER." (Compl. at 2-3, ¶¶ 8, 9, 13.)

Regarding the merits, many of the allegations in Plaintiff's Complaint obscure any recognizable legal claim. The attachments to Plaintiff's Complaint, however, make apparent that

---

[1] Plaintiff's response is styled "Petition to Withdraw with Honors for Issues 1-10 as Stated Herein. Petition for Court Not to Trespass on Petitioner/Plaintiff's Private Administrative Remedy." (Dkt. 15.) His arguments are virtually indecipherable and do not appear to bear any relationship to the arguments raised by Defendants' in their dispositive motion.

[2] Also before the Court are Defendants' Ex-Parte Motion for Issuance of Order to Show Cause (Dkt. 6) and Plaintiff's Petition to Reverse Transfer of Case from Civil Docket No: 2-12-cv-10040 Back to Miscellaneous Docket No: 2:11-mc-51371 (Dkt. 7). Under this Court's recommendation to dismiss, these motions are moot.

[3] Providing that the federal district courts have jurisdiction over any "civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled" and "[a]ny prize brought into the United States and all proceedings for the condemnation of property taken as prize." 28 U.S.C. § 1333.

[4] Providing that "[t]he district courts shall have original jurisdiction of any civil action or proceeding arising under any Act of Congress regulating commerce or protecting trade and commerce against restraints and monopolies." 28 U.S.C. § 1337.

2

he and Defendants had (or have) a dispute relating to his mortgage loan or home foreclosure.[5] And Plaintiff has pled that from January 2011 through October 2011, he sent United Bank & Trust a series of letters or affidavits regarding his mortgage or foreclosure. (*See* Compl. at 4, ¶¶ 2-8.)

In January 2011, for example, Plaintiff apparently sent United Bank a letter-affidavit pursuant to the Fair Debt Collection Practices Act ("FDCPA") regarding "fraud in the origination of contract," "breach of contract," and "failure to disclose material facts of the contract mortgage/promissory note." (Compl. at ECF Pg ID 24.) In the letter-affidavit, Plaintiff asserted that there was a dispute over who owned the debt, and then sought, pursuant to the FDCPA, "proofs of claim" regarding a number of questions, including, whether "the intent of the agreement [was] that the original party who funded the alleged loan . . . be repaid the money," and whether "the borrower [was] to repay the 'alleged loan' with the same species of money the bank used to fund the loan per [Generally Accepted Accounting Principles,] thus ending all interest and liens." (Compl. at ECF Pg ID 25.) The letter-affidavit further provided that if it was "not rebutted point for point . . . within (30) thirty days upon receipt; these facts stand as true in both the private and public record." (*Id.* at ECF Pg ID 26.) Plaintiff also demanded that debt collection cease immediately (*id.*) and offered a "settlement in lieu of counterclaim" wherein United Bank was to pay Plaintiff and his wife $1,833,588.72 (*id.* at ECF Pg ID 29).

On March 4, 2011, Plaintiff allegedly sent United Bank a "Notice of Default" which

---

[5]In their Motion for Order of Dismissal, Defendants assert that they have "no relation with Plaintiff other than a mortgage foreclosure and related eviction proceedings in state court related to the property located at 12616 Townsend Road, Milan, MI 48160." (Defs.' Mot. for Order of Dismissal at 4.) Defendants say that United Bank foreclosed on Plaintiff's mortgage, Plaintiff's property was sold at a foreclosure sale on May 19, 2011, and Trott & Trott was the law firm that represented United Bank in the foreclosure. (*Id.*)

3

provides, in part,

> Your response, to my AFFIDAVIT OF TRUTH PURSUANT TO "FAIR DEBT COLLECTIONS PRACTICES ACT" TITLE 15 SEC. 1692[,] has been deemed inadequate, only a [sworn] point for point rebuttal of the affidavit . . . fulfills the requirements of this FEDERAL LAW.
>
> I am not denying that my signature appears on the promissory note and the mortgage agreement, I am saying on and for the record that my signatures were obtained through fraud and deceit.
>
> In order to satisfy these questions and verify the Validity of the Mortgage lien that YOUR MORTGAGE SERVICER, UNITED BANK & TRUST has against the property at 12616 Townsend Rd, Milan, MI 48160, I demand to see the following:
>
> SUPPORTING EVIDENCE REQUIRED
>
> 1.) The original application/contract/promissory note, front and back, associated with this account.
> 2.) Any Allonge, front and back, affixed to this account's application/contract/promissory note for endorsements. . . .
> 12.) The name and address of UNITED BANK & TRUST'S CPA and External Auditor for the period covering the account execution. . . .
>
> If I have not received evidence of the above requested information within 3 business days (72 Hours) of your receipt of this correspondence, I can only conclude that the claim on this property by YOU, AND/OR YOUR MORTGAGE SERVICER, UNITED BANK & TRUST is not valid and unenforceable and that YOU, AND/OR YOUR MORTGAGE SERVICER, UNITED BANK & TRUST already sold the original note into an "asset backed security pool", and failed to give credit to the account. Without a lawful proof of claim, YOU, AND/ORYOUR MORTGAGE SERVICER, UNITED BANK & TRUST would be participating in dishonor in commerce, grand theft, fraud, conspiracy, and racketeering.

(Compl. at ECF Pg ID 37-38.)

Following this demand, Plaintiff allegedly sent United Bank and/or Trott & Trott the following letters or affidavits:

4

- "Notice of Non-Response,"
- "First Notice for Demand and Settlement for Closing of the Escrow,"
- "Second Notice for Demand and Settlement for Closing of the Escrow - Notice of Fault - Opportunity to Cure,"
- "Contractual and Final Notice of Demand and Settlement for Closing of the Escrow," and
- "Notice of Notarial Protest."

(Compl. at 4-5 ¶¶ 4-8.) Plaintiff's "Third and Final Notice of Default and Demand for Payment," apparently sent to both Defendants in July 2011, sought a settlement in excess of $73,000,000. (Compl. at ECF Pg ID 73-74.)

Plaintiff alleges that because Defendants failed to respond to these documents, Defendants "are in Collateral Estoppel, Tacit Procuration, Stare Decisis, Estoppel by Acquiescence and Res Judicata by Agreement and cannot proceed [administratively or judicially] without committing perjury and causing further injury to third party libellant." (Compl. at 5, ¶¶ 9, 10.) Plaintiff seeks $74,946,809.42 in punitive and compensatory damages and costs. (Compl. at 10.)

**B. Procedural History**

Plaintiff filed this suit on October 28, 2011. (Dkt. 1.) On January 3, 2012, Defendants answered. (Dkt. 3.) Soon thereafter, on January 13, 2012, Defendants filed the pending Motion for Order of Dismissal and an Ex-Parte Motion for Issuance of Order to Show Cause. (Dkts. 5, 6.) That same day, Plaintiff filed a Petition to Reverse Transfer of Case from Civil Docket No: 2-12-cv-10040 Back to Miscellaneous Docket No: 2:11-mc-51371. (Dkt. 7.) On March 19, 2012, Plaintiff filed his response to Defendants' Motion for Order of Dismissal. (Dkt. 15 ("Petition to Withdraw with Honor Issues 1-10, for Court Not to Trespass on Petitioner/Plaintiff's Private Administrative Remedy Title 18 USC [§§] 241, 242").)

## II. ANALYSIS

It is well-settled that this Court cannot proceed to the merits of Plaintiff's claims without first establishing that it has subject-matter jurisdiction over those claims. *Am. Telecom Co., L.L.C. v. Republic of Lebanon*, 501 F.3d 534, 538 (6th Cir. 2007) ("Subject matter jurisdiction is always a threshold determination ."). Where, as here, a defendant challenges subject-matter jurisdiction, the plaintiff has the burden of proving jurisdiction in order to survive the motion. *Michigan S.R.R. Co. v. Branch & St. Joseph Cntys. Rail Users Ass'n, Inc.*, 287 F.3d 568, 573 (6th Cir. 2002).

A Fed. R. Civ. P. 12(b)(1) motion for lack of subject matter jurisdiction comes in two varieties: a facial challenge, which tests the sufficiency of the pleading, or a factual challenge, which contests the factual basis for jurisdiction. *See RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996) (quoting *Mortensen v. First Fed. Savings and Loan Ass'n*, 549 F.2d 884, 890-91 (3d Cir. 1977); *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990). Under a facial challenge, the Court accepts as true all the allegations in the complaint, and draws all reasonable inferences in favor of the non-moving party. *See Ohio Nat'l Life Ins. Co.*, 922 F.2d at 325. On the other hand, in a factual attack, the allegations in the complaint are not presumed true, and a district court may look beyond the pleadings and weigh competing evidence to determine whether subject matter jurisdiction exists. *Id.*; *RMI Titanium Co.*, 78 F.3d at 1134.

In this case, Defendants have challenged the sufficiency of Plaintiff's jurisdictional allegations – not the veracity of those claims. Defendants argue: "Plaintiff's [Complaint] wholly fails to state any claim relating to maritime activities or any navigable waterways." (Defs.' Mot. for Order of Dismissal at 7.) Accordingly, the Court finds that Defendants have mounted a facial attack, and accepts as true the jurisdictional-related allegations in Plaintiff's Complaint.

Defendants correctly assert that Plaintiff explicitly bases this Court's subject-matter jurisdiction on admiralty jurisdiction. (Compl. at 2-3, ¶¶ 2-15.) And the Court also agrees with Defendants that the allegations are wholly insufficient to establish such jurisdiction. The dispute in this case arises out of Defendants' foreclosure and sale of Plaintiff's property and the letters that Plaintiff sent to Defendants during this process. To the extent that Plaintiff's legal claim is premised on contract principles, Plaintiff has not adequately alleged that the nature of his contract claims relate to maritime service or transactions. *See Norfolk Southern Railway Co. v. Kirby*, 543 U.S. 14, 23-24 (2004) (explaining that whether "a contract is a maritime one" "'depends upon . . . the nature and character of the contract,' and the true criterion is whether it has 'reference to maritime service or maritime transactions.'"). Instead, he avers that the parties, including himself, are vessels and the cargo is this lawsuit's docket. (Compl. at 2-3, ¶¶ 8, 9, 13.) These allegations are also plainly insufficient to establish a tort claim within this Court's admiralty jurisdiction. In particular, Plaintiff has not adequately pled that the tort "occurred on or over 'navigable waters'" or that "the activity giving rise to the incident . . . had a substantial relationship to traditional maritime activity, such that the incident had a potentially disruptive influence on maritime commerce." *Vasquez v. GMD Shipyard Corp.*, 582 F.3d 293, 298 (2d Cir. 2009).

Although the Court gave Plaintiff an extension of time to file a response to Defendants' Motion for Order of Dismissal (which included Defendants' claim that Plaintiff's jurisdictional allegations are insufficient to establish subject-matter jurisdiction), Plaintiff's response cures none of the identified defects. Indeed, the vast majority of Plaintiff's response is simply quotations or verbatim recitation of legal rules from cases or statutes. Paragraphs 87 through 115 appear to relate to this Court's subject-matter jurisdiction but those paragraphs merely recount general rules of

subject-matter jurisdiction as set forth in various cases. (Pl.'s Resp. to Defs.' Mot. for Order of Dismissal at 19-22.) Accordingly, Plaintiff's allegations are insufficient to plead subject-matter jurisdiction based on admiralty.

The Court also concludes that Plaintiff has not otherwise adequately pled jurisdiction. Plaintiff has cited 28 U.S.C. § 1337 which provides that "[t]he district courts shall have original jurisdiction of any civil action or proceeding arising under any Act of Congress regulating commerce or protecting trade and commerce against restraints and monopolies." And, as discussed, some of Plaintiff's demand letter-affidavits attached to the Complaint mention the FDCPA. *See Stolicker v. Muller, Muller, Richmond, Harms, Myers, and Sgroi, P.C.*, 387 F. Supp. 2d 752, 755 (W.D. Mich. 2005) ("[T]he Court has subject matter jurisdiction over the FDCPA claim under 15 U.S.C. § 1692k(d), 28 U.S.C. 1337."); *Meriweather v. Taylor*, No. 1:03-CV-1485, 2004 WL 1146495, at *1 (S.D. Ind. May 13, 2004) ("The court has jurisdiction over the FDCPA claims pursuant to 28 U.S.C. §§ 1331 and 1337."). However, it does not appear that Plaintiff brings this suit to assert a violation of the FDCPA. There are no allegations specifying how each Defendant is an entity regulated by the FDCPA, nor are there allegations regarding any provisions of the FDCPA that Defendants have allegedly violated. In fact, reference to the statute is limited to the letters that Plaintiff attached to his Complaint. (*See* Compl. at 4, ¶ 1; *see e.g.*, Compl. at ECF Pg ID 21, 25, 33, 37, 42.) His substantial damage requests also do not suggest a claim under the FDCPA.

Rather, it appears that Plaintiff's suit is premised on breach of contract or Michigan's enactment of the Uniform Commercial Code – perhaps because Defendants did not respond to Plaintiff's demand letters in accordance of Plaintiff's interpretation of the FDCPA. *Cf. Sutton v. Option One Mortg. Corp.*, No. 07-CV-10238, 2007 WL 1686522, at *6 (E.D. Mich. Jun. 8, 2007)

8

(addressing claim that mortgage servicer had agreement with plaintiff due to servicer's failure to respond to plaintiff's demand letter). He asserts that Defendants are "forever barred from arguing and controverting the issue of the 'Contract/Claims,'" and that Plaintiff "is demonstrating to this court that he holds in due course the conclusive evidence perfected in Administrative Law that without a doubt or reservation he is the holder in due course of the CLAIM/AGREEMENT/CONTRACT and holds the BOND pursuant to the Uniform Commercial Code." (Compl. at 4 ¶ 1, 11.) Plaintiff has also apparently filed a UCC Financing Statement, dated August 9, 2011, which provides that Plaintiff is the Secured Party, that United Bank is the Debtor, and that the Secured Party's claim is "[i]n the sum of USD $25,815,481.00 by agreement of the parties." (Compl. at ECF Pg ID 18.) In the "Relief Sought" section of the Complaint, Plaintiff states, in part:

> 1. That the AGREEMENT/CONTRACT be enforced as the third party/defendants/libellees are in trespass and violation of the AGREEMENT/CONTRACT and are failing to state a claim upon which relief can be granted.
>
> 2. That the Court enforce the Administrative findings in the perfected agreement and the order of relief by enforcement of the Agreement/Contract and the accounting and true bill found in the Administrative Findings/Administrative Remedy File #EW10252011, for injury against and sustained by the injured third party petitioner/libellant, intervenor; compensatory damages and punitive damages pursuant to CLEOPATRA HASLIP et al. v. PACIFIC MUTUAL LIFE INSURANCE, INC. 499 U.S. 1 , 113 Fed 2d 1, 111 § 1032, with a sum certain of $74,946,809.42 USD, to be paid in full by the third party libellees by JANUARY 12, 2012, will apply to original Libellees UNITED BANK & TRUST, US Vessel, TROTT & TROTT, P.C., US Vessel and any other DOES, ROES AND MOES who trespass the AGREEMENT/CONTRACT JUDGMENT BY ESTOPPEL.

(Compl. at 11.)

To the extent that the Complaint is premised on state-law contract principles, Michigan's implementation of the UCC, or any other state law claim (e.g., fraud or quiet title),[6] Plaintiff has not adequately pled complete diversity of parties. *See* 28 U.S.C. § 1332; *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 267-68, 2 L.Ed. 435 (1806). In fact, Defendants assert that "Plaintiff is a resident and citizen of Michigan. Likewise, Trott is wholly organized under the laws of the State of Michigan with its principal place of business in Michigan." (Defs.' Mot. for Order of Dismissal at 8.) Plaintiff does not appear to rebut these allegations in his response to Defendants' Motion for Order of Dismissal. Accordingly, Plaintiff has not adequately pled complete diversity.[7]

For the foregoing reasons, this Court finds that Plaintiff's Complaint has not pled allegations sufficient to establish the subject-matter jurisdiction of this Court and Plaintiff's Complaint therefore

---

[6] A court's duty to liberally construe a pro se complaint "does not require [the court] to conjure up unpled allegations, or to create a claim for a plaintiff. To command otherwise would require the Court 'to explore exhaustively all potential claims of a pro se plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Armstead v. Bush*, No. 305CV274H, 2005 WL 1503556, at *2 (W.D. Ky. Jun. 23, 2005) (internal citations and quotation marks omitted); *accord Bonner v. Rechtzigel*, No. 10-15069, 2011 WL 1336678, at *1 (E.D. Mich. Apr. 7, 2011).

[7] Perhaps very generously reading Plaintiff's response, he may have asserted that subject-matter jurisdiction exists under 28 U.S.C. § 1332(a)(4). (*See* Dkt. 15, Pl.'s Resp. to Defs.' Mot. for Order of Dismissal at 16 ¶ 73.) That section of the U.S. Code grants federal district courts jurisdiction over civil actions where the amount-in-controversy requirement is met and the suit is between "a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States." 28 U.S.C. § 1332(a)(4). In particular, Plaintiff "declares the status of a 'foreign state'" and then quotes language from 28 U.S.C. § 1603. (Pl.'s Resp. to Defs.' Mot. for Order of Dismissal at 16 ¶ 73.)

This allegation fails to establish jurisdiction. The term "foreign state" in 28 U.S.C. § 1603 does not include Plaintiff. *See Samantar v. Yousuf*, — U.S. —, 130 S.Ct. 2278, 2286-89, 176 L.Ed. 2d 1047 (2010) (holding that a foreign official did not come within the statutory definition set forth in 28 U.S.C. § 1603 and explaining that subsection (b) uses the term "entity" which "typically refers to an organization, rather than an individual" and that "several of the required characteristics [set forth in subsection (b)] apply awkwardly, if at all, to individuals.").

should be dismissed.

## III. RECOMMENDATION AND CONCLUSION

For the foregoing reasons, this Court RECOMMENDS that Plaintiff's Complaint be DISMISSED WITHOUT PREJUDICE for lack of subject-matter jurisdiction. As such, Plaintiff's Petition to Reverse Transfer of Case from Civil Docket No: 2-12-cv-10040 Back to Miscellaneous Docket No: 2:11-mc-51371 (Dkt. 7) should be DENIED AS MOOT. Further, Defendants' Ex-Parte Motion for Issuance of Order to Show Cause (Dkt. 6) – which asks the Court to find the August 9, 2011, Financial Statement filed by Plaintiff fraudulent and to direct Plaintiff to vacate the Statement – should also be DENIED AS MOOT.

## IV. FILING OBJECTIONS TO THIS REPORT

The parties to this action may object to and seek review of this Report and Recommendation within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830 (6th Cir. 2006) (internal quotation marks omitted); *Frontier*, 454 F.3d at 596-97. Objections are to be filed through the Case Management/Electronic Case Filing (CM/ECF) system or, if an appropriate exception applies, through the Clerk's Office. *See* E.D. Mich. LR 5.1. A copy of any objections is to be served upon this magistrate judge but this does not constitute filing. *See* E.D. Mich. LR 72.1(d)(2). Once an objection is filed, a response is due within fourteen (14) days of service, and a reply brief may be

filed within seven (7) days of service of the response. E.D. Mich. LR 72.1(d)(3), (4).

          s/Laurie J. Michelson
          LAURIE J. MICHELSON
          UNITED STATES MAGISTRATE JUDGE

Dated: April 10, 2012

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on April 10, 2012.

          s/Jane Johnson
          Deputy Clerk